UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

"A W", an infant under the age of 18 years, by his
father and natural guardian, MOHAMMED SULTAN,
and MOHAMMED SULTAN, individually,

                                 Plaintiff(s),

                -against-

CITY OF NEW YORK, NYC POLICE DEPARTMENT,
and JOHN DOE # 1, and JOHN DOE #2,  UNIDENTIFIED
OFFICERS OF THE 68TH PCT,

                        Defendant(s).

--------------------------------------------------X

<u>VERIFIED COMPLAINT</u>

CV # **14-CV-3293**

Plaintiff, complaining of the defendants, by his attorneys, LAZZARO LAW FIRM, P.C., respectfully shows to this Court and alleges:

1. Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

2. Upon information and belief, that at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, including all police officers thereof.

3. Upon information and belief, that at all times hereinafter mentioned, and on or prior to June 3, 2011, Police Officers JOHN DOE #1 and JOHN DOE #2, were unidentified Officers of the 68th Precinct and were employed by the defendant, THE CITY OF NEW YORK,

as police officers.

4. That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages, the nature of the claim and the date of, the time when, the place where, and the manner in which the claim arose was duly served upon the Comptroller of defendant, THE CITY OF NEW YORK, on August 12, 2011.

5. That a 50(h) hearing pursuant to the general Municipal Law was held on September 1, 2011.

6. That more than 30 days have elapsed since the Notice of Claim and Intention to Sue has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

7. That this action is being commenced timely after the cause of action arose.

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF

8. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "7" with the same force and effect as if more fully set forth herein.

9. That on or about June 3, 2011, at 72nd Street and 7th Avenue, Brooklyn, NY, in the County of Kings, City and State of New York, the defendants, their agents, servants, and employees, wrongly and falsely arrested, imprisoned and detained plaintiff without any right or grounds therefor.

10. That on or about June 3, 2011, the defendants wrongly and falsely accused the plaintiff of crimes.

11. That said arrest and imprisonment was caused by the defendants, their agents, servants and employees, without any

warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of such crime(s).

12. That on the aforesaid date, time and place, the plaintiff, who was lawfully and properly at 72nd Street and 7th Avenue, Brooklyn, NY thereat was viciously struck by the defendant police officers.

13. That while the plaintiff was so engaged, as aforesaid, the defendants, their agents, servants, and employees, wrongfully and unlawfully, against the plaintiff's wish, without probable or reasonable cause, and on the sole charge then made, that the plaintiff committed the crimes enumerated in paragraph number "10" hereof, arrested and imprisoned the plaintiff, and with full force of arms, they forcibly and violently seized, assaulted and laid hold of and compelled him to go with the said defendant police officers to be detained and imprisoned in or near premises.

14. That the defendants, their agents, servants, and employees, acting within the scope of their authority and within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants end employees had the opportunity to know or should have known that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, directed the plaintiff be searched and placed in confinement at said locations.

15. That the plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct

of the defendants, their agents, servants, and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

16. That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees, acting under their employment and within the scope of their authority made falsely, publicly, wickedly and maliciously, the plaintiff was compelled to stay with the defendant officers John Doe #1 and JOHN DOE #2.

17. That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to confine the plaintiff; in that the plaintiff was conscious of the confinement, plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

18. That by reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

19. That by reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

20. The plaintiff repeats, reiterates, and realleges each and

every allegation contained in paragraphs numbered "1" through "19" with the same force and effect as if more fully set forth herein.

21. That on or about June 3, 2011, while the plaintiff was at 72ND Street and 7th Avenue, in the County of KINGS, City and State of New York, the defendants, their agents, servants, and employees, particularly the defendant police officers, without just cause or provocation and with great force and violence, violently seized, assaulted and laid hold of the plaintiff including, but not limited to intentionally, forcefully and fiercely striking plaintiff as he was protecting himself from the onslaught of the defendants, and caused him to be violently precipitated to the ground and causing handcuffs to be tightly placed upon the wrists of the plaintiff.

22. That the defendants, their agents, servants and employees, acting as agents and on behalf of the defendants and within the scope of their employment, intentionally, willfully, and maliciously assaulted and battered the plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact in the plaintiff and defendants, in a hostile and/or offensive manner touched and beat the plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such batter in and about his head, neck, back, body and limbs.

23. That by reason of the aforesaid intentional assault and battery committed by the defendants, their agents, servants and employees, acting within the scope of their authority, and without probable or reasonable cause, the plaintiff suffered great bodily

injury about his head, neck, back, body and limbs and was rendered sick, sore, lame and disabled, and among other things, he suffered conscious pain and suffering, and that he was otherwise damaged.

24. That by reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF

25. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if more fully set forth herein.

26. That the defendant, THE CITY OF NEW YORK, was careless and reckless in hiring and retaining as and for its employees, the above named individuals, in that the said defendant employees lacked the experience, deportment and ability to be employed by the defendant; in that the defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and ability to function as employees of the aforementioned defendant; in that the defendant, THE CITY OF NEW YORK, failed to investigate the above named defendants' backgrounds, in that the defendants lacked the maturity, sensibility and intelligence to be employed by the defendant; in that the defendant knew of the lack of ability, experience, deportment and maturity of said defendant employees when they hired them to be employees, and, in that the defendants, their agents, servants and employees, were otherwise careless, negligent and reckless.

27. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and batter and the resulting injuries to

mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees, without any negligence on the part of the plaintiff.

28. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and he was rendered sick, sore, lame and disabled, and so remains, and he was incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred diverse sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and, upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

29. That by reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

30. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if more fully set forth herein.

31. That the defendants, their agents, servants and employees, negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named defendant police officers, in that they failed to train their employees in the property use of weapons and firearms; in the proper method of

crowd control; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

32. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees, without any negligence on the part of the plaintiff.

33. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and he was rendered sick, sore, lame and disabled, and so remains, and he was incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred diverse sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and, upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

34. That by reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

35. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if more fully set forth herein.

36. That the defendants, their agents, servants and employees, negligently, carelessly and recklessly performed their police duties in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have used under similar circumstances in that they carelessly, recklessly and negligently arrest the plaintiff without making a proper investigation; that the defendants, their agents, servants and employees, negligently, carelessly and recklessly without provocation and with great force and violence; negligently struck the plaintiff, negligently, carelessly and recklessly used the threat of physical force and actually used physical force upon the plaintiff thereat; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

37. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees, without any negligence on the part of the plaintiff.

38. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and he was rendered sick, sore, lame and disabled, and so remains, and he was

incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred diverse sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and, upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

39. That by reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

40. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if more fully set forth herein.

41. That on or about June 3, 2011, while the plaintiff was at 72nd Street and 7th Avenue, in the County of Kings, City and State of New York, and at subsequent times thereafter, the defendants, their agents, servants and employees, maliciously prosecuted and detained plaintiff without any just right or grounds therefore.

42. That the plaintiff was and is wholly innocent, and was forced by the defendants to be confined.

43. That the defendants, their agents, servants and employees, acting in the performance of their employment and within the scope of their authority, testified falsely and withheld vital information before internal affairs.

44. That upon examination, the said charges were falsely and

maliciously made.

45. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees, in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefor.   That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of the plaintiff.

46. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and said plaintiff was otherwise damaged.

47. That by reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

<u>AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF</u>

48. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if more fully set forth herein.

49. That on or about June 3, 2011, while the plaintiff was at 72nd Street and 7th Avenue , in the County of Kings, at which time and place defendants then and there were at as part of their regular and official employment as police officers for the defendant, THE CITY OF NEW YORK.

50. As plaintiff was lawfully and properly thereat, the aforementioned police officers who, having the real and apparent ability to cause imminent harmful and offensive bodily contact and the power and authority to arrest and imprison the plaintiff did so threaten these acts upon the plaintiff, who, after continuing his lawful activity, was violently struck by the defendant police officers.

51. Immediately thereafter, the aforementioned defendants, their agents, servants, and employees falsely arrested and imprisoned the plaintiff, severely assaulted and battered the plaintiff, and deprived him of his rights and liberties as set forth in the constitutions of the United States and of the State of New York, handcuffed him and threatened plaintiff with the possible use of force; in that they continued to assault and batter the plaintiff and to imprison him without any conduct on the part of the plaintiff to so warrant, to wit:

a. in that all of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause bodily and mental injury to the plaintiff, to arrest, restrain and imprison the plaintiff without his consent; the plaintiff was at all times conscious of his arrest, did not consent to the false arrest, and the false arrest and imprisonment were not otherwise privileged; and

b. the arrest and imprisonment were not justified by probable cause or other legal privilege; the defendants, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State and City

of New York, County of Kings, and under the authority of their office as police officers for said City, falsely charged the plaintiff with crimes as enumerated in paragraph number "10" of this complaint, although the defendants, acting in such capacity, knew that such charges were false; and

c. in that the defendants, their agents, servants and employees caused an assault and battery when they in a hostile and/or offensive manner threatened, touched and beat the plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact tot he plaintiff, all without warrant, probable cause or any lawful cause whatever; and

d. that the defendants, their agents, servants and employees, failed to adequately and properly hire, retain, train, supervise, discipline, or in any other way control the behavior and performance of the defendants, their agents, servants and employees; that in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and city of New York is evidence of the reckless lack of cautious regard for the rights of the public including plaintiff, in that they exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; and

e. the failure of the defendants, their agents, servants and employees, failed to adequately and properly hire, train, supervise, discipline, or in any other way control the defendants in the exercise of their functions; in that their failure to enforce the laws of the State and City of New York was and is

carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the citizens of the State and City of New York, including plaintiff; and

f. due to the acts of the defendants, their agents, servants and employees herein, the failure of the City and State of New York to discipline and properly hire the defendants and the continued employment of the defendants presents a clear and present danger to the citizens of the State and City of New York; and

g. that the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause therefore. That the commencement sand/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause with actual malice and was terminate in favor of the plaintiff; and

h. that the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the constitutional rights of the above-named plaintiff; and, in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were not done as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and the County of Kings, and under the authority of their office as police officers for said city and county.

52. Plaintiff did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Section 1983 and the Constitution of the State of New York.

53. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, plaintiff was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and compelled to be arraigned and appear in Criminal Court in the City of New York, County of Kings and to undergo a criminal proceeding until all charges were disposed of.

54. That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendant, THE CITY OF NEW YORK, and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City of New York.

55. That at all times hereinafter mentioned, defendant Police Officers were acting pursuant to orders and directives from defendant THE CITY OF NEW YORK.

56. That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and the defendants here, separately and in concert,

engaged in the illegal conduct here mentioned to the injury of the plaintiff and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

57. The Police Officers of the defendant, THE CITY OF NEW YORK, and its individual members who are agents, servants and employees of defendant, together with persons unknown to the plaintiff, acting under color of law, have subjected plaintiff and other persons to a pattern of conduct consisting of illegal harassment, assault and battery, false arrests and imprisonments, and malicious prosecution at the time said persons are lawfully and properly on the public sidewalks in the County of Kings, City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff and other citizens by the Constitution of the United States.

58. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and imprisonment and malicious prosecution visited on plaintiff and other citizens by members of the police department unknown to the plaintiff and under color of law and said acts, while carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

59. Although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents,

servants and employees, the defendant THE CITY OF NEW YORK, has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

60. The unlawful and illegal conduct of the defendants, their agents, servants and employees, and each of them deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and of the State of New York:

a. The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States; and,

b. The right of the plaintiff to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourteenth Amendments to the Constitution of the United States; and,

c. The right of the plaintiff not to be deprived of life, liberty or property without due process of law, and the right to the equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

61. That by reason of the aforesaid violations, false arrest and imprisonment, assault and battery and malicious prosecution caused by the defendants, their agents, servants and employees, who conspired together to enter into a nefarious scheme to wrongfully deprive the plaintiff and compel him to abandon his rights and

privileges as provided to him in the Constitution of the United States of America, and provided to him in the Constitution of the State of New York, and laws thereto; the defendants, their agents, servants and employees violated 42 U.S.C. Section 1983 in that the defendants, their agents, servants and employees acted as person who under color of any statute, ordinance, regulation, custom, or usage of the City of New York, subjected or caused to be subjected, a citizen of the United States or other persons within the jurisdiction, particularly the plaintiff thereof to be deprived of his rights, privileges, or immunities received by the Constitution and laws of the United States of America and of the State of America and of the State of New York; was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging plaintiff.

62. That by reason of the aforesaid intentional assault and battery, the false arrest and imprisonment, malicious prosecution and deprivation of his rights and liberties as guaranteed by the aforementioned Constitutions by the defendants, their agents, servants and employees acting within the scope of their authority, and without any probable or reasonable cause, the plaintiff suffered great bodily injury about his head, neck, back, body and limbs and was rendered sick, sore, lame and disabled, and among other things, he suffered conscious pain and suffering, and that he

was otherwise damaged.

63. That by reason of the aforesaid, the plaintiff requests the following relief:

a. Compensatory damages in the sum of ONE MILLION DOLLARS ($1,000,000.00);

b. Punitive damages in the sum of ONE MILLION DOLLARS ($1,000,000.00);

c. An award of reasonable attorney's fees, costs and disbursement;

d. Plaintiff requests a trial by jury of all issues involved in this complaint;

e. Such other and further relief as this court may deem just, meet, and proper under the circumstances.

AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF

64. The plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if more fully set forth herein.

65. That by reason of the aforesaid false arrest and imprisonment, vicious assault and battery and malicious prosecution caused willfully and maliciously by the defendants, their agents, servants and employees, the plaintiff was wrongfully deprived of his rights, benefits and privileges as provided to him in the Constitution of the United States of America, and provided to him in the Constitution of the State of New York; sustained severe, serious, and upon information and belief, permanent injuries to his head, neck, back, body and limbs and was rendered sick, sore, lame and disabled, and was confined to bed and home and he was subjected

to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and avocation, was injured in his reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging plaintiff.

66. That by reason of the foregoing, the plaintiff has been damaged in the sum of ONE MILLION DOLLARS ($1,000,000.00).

AS AND FOR A NINTH CAUSE OF ACTION

67. Plaintiffs' repeat and reallege paragraphs 1-66 of the complaint as though fully set forth herein.

68. Plaintiff Mohammed Sultan is the father and natural guardian of infant plaintiff "A W".

69. As a result of the defendants conduct, plaintiff Mohammed Sultan has been deprived of the love, society and companionship of his son, plaintiff "A W".

70. As a result of the foregoing, plaintiff has been damaged in the amount of ONE MILLION DOLLARS. ($1,000,000.00)

**WHEREFORE**, plaintiff demands judgment against the defendants:

a. in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the First Cause of Action;

b. in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the Second Cause of Action;

c. in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the Third Cause of Action;

d. in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the Fourth Cause of Action;

e. in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the Fifth Cause of Action;

f. in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the Sixth Cause of Action;

g. in the sum of ONE MILLION DOLLARS ($1,000,000.00) as and for Compensatory Damages, the sum of FIVE MILLION DOLLARS ($5,000,000.00) as and for Punitive Damages, and reasonable attorney's fees on the Seventh Cause of Action;

h. in the sum of ONE MILLION DOLLARS ($1,000,000.00) as and for Punitive Damages on the Eighth Cause of Action;

I, in the sum of ONE MILLION DOLLARS ($1,000,000.00) on the Ninth Cause of Action.

together with the costs and disbursements of this action.

Dated:    Brooklyn, New York
          May 27, 2014

                              Yours, etc.,

                              LAZZARO LAW FIRM, P.C.
                              Attorneys for Plaintiff(s)
                              360 Court Street, Suite 3
                              Brooklyn, New York 11231
                              (718) 488-1900

## VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK

> ss:

COUNTY OF KINGS

MOHAMMED SULTAN, being duly sworn, says:

I am a Plaintiff in the action herein: I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

DATED:      Brooklyn, New York

May 27, 2014

/s/

MOHAMMED SULTAN

Sworn to before me this

27 day of May, 2014

Notary Public

RANDALL C. LAZZARO
Notary Public, State of New York
No. 02LA5006582
Qualified in Kings County
Commission Expires January 4, 2015

CV #
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
===========================================================

A W, an infant under the age of 18 years, by his
father and natural guardian, MOHAMMED SULTAN,
and MOHAMMED SULTAN, individually,

                              Plaintiff(s),

              -against-


CITY OF NEW YORK, NYC POLICE DEPARTMENT,
and JOHN DOE #1, and JOHN DOE #2, UNIDENTIFIED
OFFICERS OF THE 68TH PCT,

                              Defendant(s).
===========================================================

### SUMMONS AND VERIFIED COMPLAINT
===========================================================

## LAZZARO LAW FIRM, P. C.
### *Attorneys for Plaintiff*
**360 Court Street**
**Brooklyn, New York 11231**
**(718) 488-1900**
===========================================================

TO:    CITY OF NEW YORK
       100 CHURCH STREET
       NEW YORK, NY